UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 14-cv-10048-IT |
| COMMONWEALTH OF MASSACHUSETTS, | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

August 6, 2014

TALWANI, D.J.

I.  Introduction

In January 2014, Petitioner George Johnson filed a Petition for Writ of Habeas Corpus to remedy his allegedly unlawful detention. Presently at issue is the Respondent Commonwealth of Massachusetts's Motion to Dismiss [#11]. For the following reasons, that Motion is ALLOWED.

II. Background

On June 27, 1994, Johnson was convicted of murder in the first degree. Commonwealth v. Johnson, 426 Mass. 617, 620 (1998). He was sentenced to life in state prison without the possibility of parole. See id. Johnson timely appealed his conviction and on February 5, 1998, the SJC upheld the jury's verdict. Id. at 620, 628. Johnson did not seek certiorari in the Supreme Court of the United States.

Johnson initiated further post-conviction proceedings in state court in 2008, and on November 22, 2011, the SJC denied review. See Commonwealth v. Johnson, 461 Mass. 1, at *2–3 (2011).

On January 8, 2014, Johnson filed the instant habeas petition.

III. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). With regard to subsection (A), the time for seeking direct review "includes the period for filing a certiorari petition." Lawrence v. Florida, 549 U.S. 327, 327 (2007) (citing 28 U.S.C. § 2244(d)(2)). Further, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Finally, equitable tolling applies to the habeas statute of limitations. See Holland v. Florida, 560 U.S. 631, 645 (2010). The burden is on a petitioner to establish the basis for equitable tolling. See Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010). To do so, a petitioner must demonstrate both that some extraordinary circumstances prevented him from filing on time and that he diligently pursued his rights. Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence, 549 U.S. at 335 (citing Pace, 544 U.S. at 418). For example, in Holland, the petitioner for three years wrote letters to his attorney "asking him to make certain

that all of his claims would be preserved for any subsequent federal habeas corpus review." Holland, 560 U.S. at 636. Subsequently, the petitioner's relationship with his attorney disintegrated, and the petitioner twice wrote to Florida Supreme Court explaining the situation with his attorney and requesting new counsel. See id. at 636–37. After the Florida Supreme Court denied the petitioner's request, the petitioner continued to write to his attorney, "emphasizing the importance of filing a timely petition for habeas corpus in federal court once the Florida Supreme Court issued its ruling." Id. at 637.

Here, the time for seeking direct review of Johnson's state-court conviction included the ninety-day period following the SJC's decision in which he could have sought certiorari from the Supreme Court of the United States. See Lawrence, 549 U.S. at 327. Thus, because the SJC decided Johnson's consolidated appeal on February 5, 1998, his conviction became final ninety days later, on May 5, 1998. Under 28 U.S.C. § 2244(d)(1)(A), Johnson therefore had one year after that, until May 5, 1999, to file his petition for habeas relief in this court or a post-conviction motion challenging his conviction in state court.[1]

Johnson did not file the instant habeas petition until January 8, 2014, well after the one-year limitations period expired. Because Johnson filed a motion for a new trial in state court in September 2008, this court ordinarily would examine whether Johnson's petition was based on a constitutional right newly recognized by the Supreme Court or on a claim the factual predicate of which could not have been discovered through due diligence. See 28 U.S.C. § 2244(d)(1)(C), (D). This court need not undertake such an examination here, however, because even if Johnson had filed his petition pursuant to § 2244(d)(1)(C) or (D), his petition would have been due by

---

[1] The latter would have tolled the one-year statute of limitations in AEDPA. See 28 U.S.C. § 2244(d)(2).

February 20, 2013. That is, because the SJC denied review of Johnson's further state-court proceedings on November 22, 2011, his conviction became final ninety days later, on February 20, 2012. Under AEDPA, Johnson therefore would have had one year after that, until February 20, 2013, to file any petition for habeas relief under § 2244(d)(1)(C) or (D).

Johnson argues that he was allegedly prevented from filing his habeas petition on time because his appellate attorney failed to advise Johnson of his right to file a habeas petition in this court. See Pet. Under 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody. Regardless of his attorney's failure to advise, however, Johnson has failed to show that he diligently pursued his rights. See Holland, 560 U.S. at 649. He never sought post-conviction relief in state court between 1999 and 2008, nor did he exhibit the sort of diligence that the letter-writing petitioner in Holland did.

Because Johnson is not eligible for equitable tolling, his petition is time-barred. Accordingly, the petition is dismissed.

IV. Conclusion

For the foregoing reasons, the one-year period of limitation set forth in AEDPA bars Johnson's petition for habeas relief. Accordingly, the Commonwealth's Motion to Dismiss [#11] is ALLOWED. This case is CLOSED.

    IT IS SO ORDERED.

Date: August 6, 2014                                                       /s/ Indira Talwani
                                                                                          United States District Judge